1  ADAM WANG (STATE BAR NUMBER (201233)
   LAW OFFICES OF ADAM WANG
2  12 South First Street, Suite 613
   San Jose, CA 95113
3  Tel: (408) 421-3403
   Fax: (408) 2 86-6619
4
   Attorney for Plaintiffs
5  Julian Briseno & David Salvador Velazquez

ORIGINAL FILED
08 FEB -8 PM 2:30
RICHARD W. WIEKING
U.S. DISTRICT COURT
N.D. OF CA S.J.

6                    UNITED STATES DISTRICT COURT

7                  FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| 8  JULIAN BRISENO AND DAVID SALVADOR VELAZQUEZ, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>SARATOGA PIZZA CORPORATION, EDWARD RATHMANN, MIGUEL ROMERO, and GLENN THOMPSON dba WILLOW STREET WOOD FIRED PIZZA, and DOES 1 TO 10<br><br>Defendants | Case No. C08 00873 JW HRL<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL:**<br>1). Violation of California Labor Code §1194;<br>2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Violation of Labor Code §226.7; 4). "Waiting Time" Penalties under California Labor Code §203; and 6). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203 |

Plaintiffs, Julian Briseno and David Salvador Velazquez, on their own behalf and on behalf of others similarly situated, allege as follows:

### NATURE OF CLAIM

1. This is a class action on behalf of putative members who had been employed on hourly rate basis by Defendants Saratoga Pizza Corporation, Edward Rathmann, Miguel Romero, and Glenn Thompson doing business as Willow Street Wood Fired Pizza (collectively referred to as "Willow Street") during the last three years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes. On their own behalf and on behalf of other similarly situated individuals who fall within the relevant statutory periods, Plaintiffs seek

1                                                                              Case No.

compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29 U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

2. Plaintiffs bring this collective action on behalf of himself and other hourly paid employees pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

**PARTIES**

3. At all times relevant herein, Plaintiffs are individual residents of San Jose, California.

4. Defendant Saratoga Pizza Corporation is a California corporation with its primary place of business in Los Gatos, California, doing business as Willow Street Wood Fired Pizza. According to information and belief, individual Defendants Edward Rathmann, Miguel Romero, and Glenn Thompson are the owners of Saratoga Pizza Corporation, and at least two non-incorporated stores also operating under the name of Willow Street Wood Fired Pizza, with their primary place of business in Los Gatos, California.

5. According to information and belief, individual Defendants Edward Rathmann, Miguel Romero, Glenn Thompson and Does 1 to 10, inclusive, according to information and belief, are the owners and officers or mangers of businesses that employed Plaintiffs, having control over the work conditions and situation of Plaintiff and other employees.

6. Individual defendants Edward Rathmann, Miguel Romero, Glenn Thompson and Does 1 to 10, inclusive, are liable for the acts of Saratoga Pizza Corporation as the alter egos of Saratoga Pizza Corporation. Recognition of the privilege of separate existence would promote injustice because these individual Defendants have in bad faith dominated and controlled Saratoga Pizza Corporation in such a way that any separateness of form should be disregarded to

2                                                                                Case No.

prevent fraud and injustice. Plaintiffs is informed and believes, and thereon al1eges, that defendants in such a way that any separateness of form should be disregarded to prevent fraud and injustice., have:

    a. Commingled funds and other assets of Saratoga Pizza Corporation and their funds and other assets for their own convenience and to assist in evading the payment of obligations;

    b. Diverted funds and other assets of Saratoga Pizza Corporation to other than corporate uses;

    c. Treated the assets of the Saratoga Pizza Corporation as their own;

    d. Failed to obtain authority to issue shares or to subscribe to issue shares of Saratoga Pizza Corporation;

    e. Failed to maintain minutes or adequate corporate records of Saratoga Pizza Corporation;

    f. Failed to adequately capitalize or provide any assets to Saratoga Pizza Corporation; and

    g. Diverted assets from Saratoga Pizza Corporation to themselves to the detriment of creditors, including Plaintiffs and other hourly employees.

### SUBJECT MATTER JURISDICTION AND VENUE

7. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

8. This Court is a proper venue, since all events giving rise to the claims of the named Plaintiff and the putative class members occurred in this district.

### PLAINTIFFS' CLASS ACTION ALLEGATIONS

9. Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of all those who had been employed on hourly rate basis by Defendants with respect to the claims alleged herein arising under California Labor Code, and California Business and Professions Code §17200, *et. seq.*

10. Plaintiffs also bring this action on behalf of such class members pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

11. The members of the purported class or subclass are so numerous that joinder of all members is impracticable. According to information and belief, Defendants had employed a large size of hourly workforce. While the exact number of class or subclass members is unknown to plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are at least 30 or more members in the proposed class. Members of the class or subclass may be identified from payroll and time records maintained by Defendants, and may be notified of the pendancy of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

12. Plaintiffs' claims are typical of the claims of the members of the class and subclass as all members of the class and subclass are similarly affected by Defendants' wrongful conduct in violation of federal and state laws governing labor standards that is complained of herein.

13. Plaintiffs will fairly and adequately protect the interests of the members of the class and subclass and have retained counsel competent and experienced in wage and hour litigation.

14. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class and subclass are:

(a) whether the federal and state wage hour laws were violated by Defendants' acts as alleged herein;

(b) whether Defendants have properly paid all putative class members for the hours that were worked in excess of 8 hours a day or 40 hours a week;

(c) whether the Defendants are liable for failure to pay the subclass members whose employment terminated during the last three years the overtime wages owed ascertainable at the

time of termination of their employment;

(d) to what extent the members of the class and subclass have sustained damages and the proper measure of damages.

15. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class and subclass members may be relatively small, the expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

16. Plaintiffs were employed on an hourly rate by Defendants for some period during last four years prior to the filing of the Complaint in this action.

17. During last four years, Plaintiffs and other hourly paid employees worked over 8 hours a day and forty fours a week from time to time on regular basis.

18. Plaintiffs and such other hourly rate employees were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

19. Within 72 hours of termination of Plaintiffs and other hourly rate employees, Defendants willfully failed to pay them wages owed, the amount of which was readily ascertainable at the time of termination.

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code Sections §510*

20. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-19 as if fully stated herein.

21. During last four years, Plaintiffs' employment was subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all

5                                              Case No.

employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

22. During their employment with the Defendants, Plaintiffs and other hourly employees regularly worked in excess of forty hours per week and in excess of eight hours per day. Plaintiffs and other hourly employees received only straight time from Defendants for these overtime hours.

23. During last four years, Defendants knowingly caused, suffered and permitted Plaintiffs and other hourly employees to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half or double of their regular rate of pay.

24. By not paying overtime wages in compliance with the state law, Defendants violated Plaintiffs' and other hourly employees' rights under the law, specifically California Labor Code Section 1194.

25. As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders, Plaintiffs and other hourly employees incurred general damages in the form of lost overtime compensation in amounts to be proven at trial.

26. Defendants had been aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiffs and other hourly employees the overtime compensation due to them at the time their employment ended.

27. Plaintiffs were required to retain an attorney for the purpose of bringing this action and are entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

## COUNT TWO

*Violation of the Fair Labor Standards Act*

*29 U.S.C.§201, et seq.*

28. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-27 as if fully stated herein.

6                                    Case No.

29. At all relevant times herein, Plaintiffs' and other hourly rate employees' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, *et seq*.

30. 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

31. Although Plaintiffs and other hurly rate employees were not so exempt during their employment with Defendants, and although Defendants had been fully aware of both the hours worked and the duties assigned to the Plaintiffs and other hourly rate employees, Defendants knowingly caused, suffered, and permitted Plaintiffs and other hourly rate employees to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

32. By not paying overtime wages in compliance with FLSA, Defendants violated the right of Plaintiffs and other hourly rate employees under FLSA.

33. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiffs and other hourly rate employees incurred general damages in the form of lost overtime wages.

34. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs and other hourly rate employees their proper pay, and thus Defendants are liable to Plaintiffs and other hourly rate employees for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

35. Plaintiffs were required to retain an attorney for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION COMPLAINT**
Briseno, et al. vs. Saratoga Pizza Corporation, et al

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

36. Plaintiffs re-allege and incorporate the allegations set forth in paragraphs 1-35 as if fully restated hereinafter.

37. At all relevant times herein, Plaintiffs' and other hourly employees' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

38. During Plaintiff's employment with Defendants, Plaintiffs other hourly employees worked at least 5 hours a day, and was not provided meal period as required by law.

39. For each time that Plaintiffs and other hourly employees were not provided the required meal period, they are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

40. Plaintiffs and other hourly employees therefore are entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendants failed to provide.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code § 203*

41. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-40 as if fully stated herein.

42. Within 72 hours of the termination of Plaintiffs and other hourly employees, Defendants failed to pay him the wages owed ascertainable at the time of termination

43. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30

8     Case No.

**CLASS ACTION COMPLAINT**
Briseno, et al. vs. Saratoga Pizza Corporation, et al

days of wages.

44. As of this date these wages have not been paid to Plaintiffs and other hourly employees, thus making Defendants liable to them for penalties equal to 30 days wages in amount to be proven at trial.

## COUNT FIVE

*For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

45. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-44 as if fully stated herein.

46. At all times relevant herein, the employment with Defendants was subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission as well as FLSA, all of which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. California law also requires premium pay for missed meal periods.

47. During last three years, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq.*), but failed to pay the Plaintiffs and other hourly employees overtime pay and premium pay for missed meal periods as required by FLSA, California Labor Code and applicable Wage Orders.

48. During the last three years, Defendants kept to themselves the unpaid overtime and meal period premiums which should have been paid to the Plaintiffs and other hourly employees.

49. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

50. As a direct and proximate result of Defendants' violations, the rights of the Plaintiffs and other hourly employees under the law were violated, causing them to incur general damages in the form of unpaid wages and lost wages to which they were legally entitled.

51. The Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hours laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs and other hourly employees overtime pay due.

52. Having been illegally deprived of the overtime pay and other wages to which they were legally entitled, Plaintiffs on their own behalf and on behalf of all other hourly employees herein seeks restitution of such wages pursuant to the Business and Professions Code §17203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants and demand as follows:

1. Award compensatory damages for unpaid overtime owed Plaintiffs and other hourly employees in amounts to be proven at trial to Plaintiff;

2. Award liquidated damages equal to the overtime pay owed to Plaintiffs and other hourly employees;

3. Award to Plaintiffs and other hourly employees the meal period premium owed during last four years;

4. Award to Plaintiff and other hourly employees the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5. Award the Plaintiffs and other hourly employees the waiting time penalty damages of thirty days wages pursuant to California Labor Code Section 203 in amounts to be proven at trial;

**CLASS ACTION COMPLAINT**
Briseno, et al. vs. Saratoga Pizza Corporation, et al

6. Award Plaintiffs and other hourly employees the restitution of unpaid overtime pay and other wages pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

7. Enter a permanent injunctive order against Defendants ensuring the compliance with the FLSA and California Labor Code and wage orders;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. Award Plaintiff sthe costs of suit herein.

10. Grant such other and further relief as the Court may deem appropriate.

Dated: February 7 2008

By:   /s/ ADAM WANG    .
      Attorney for Plaintiffs

11    Case No.

**CLASS ACTION COMPLAINT**
Briseno, et al. vs. Saratoga Pizza Corporation, et al