RICHARD S. FALCONE, Bar No. 95265
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863
*rsf@paynefears.com*

GLENN E. THOMPSON, Bar No. 63001
LAW OFFICES OF GLENN E. THOMPSON
28 Longfellow Road
Mill Valley, CA  94941
Telephone: (415) 383-4536
Facsimile: (415) 383-3291
*glenn94941@yahoo.com*

Attorneys for Defendants
SARATOGA PIZZA CORPORATION, EDWARD RATHMANN, MIGUEL ROMERO AND GLENN THOMPSON dba WILLOW STREET WOOD FIRED PIZZA

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JULIAN BRISENO AND DAVID SALVADOR VELAZQUEZ, <br><br>     Plaintiffs, <br><br>  v. <br><br> SARATOGA PIZZA CORPORATION, EDWARD RATHMANN, MIGUEL ROMERO, and GLENN THOMPSON dba WILLOW STREET WOOD FIRED PIZZA, <br><br>     Defendants. | CASE NO. C08 00873 JW HRL <br><br> **ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT** <br><br> <u>CLASS ACTION</u> |

Defendants Saratoga Pizza Corporation, Edward Rathmann, Miguel Romero, and Glenn Thompson dba Willow Street Wood Fired Pizza (hereinafter "Defendants") state as follows in response to the allegations of the Complaint filed on or about February 8, 2008 (the "Complaint"):

1.   Defendants are not required to answer Paragraph 1 of the Complaint, to the extent that it contains legal assertions. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of Plaintiffs' averments in Paragraph 1 and therefore deny such allegations.

2.   Defendants are not required to answer Paragraph 2 of the Complaint, as it is made up entirely of legal assertions. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of Plaintiffs' averments in Paragraph 2 and therefore deny such allegations.

3.   Defendants deny each and every allegation of Paragraph 3 of the Complaint.

4.   Defendants admit that Saratoga Pizza Corporation is a California corporation, but deny each and every other allegation of Paragraph 4 of the Complaint.

5.   Defendants admit that Defendant Rathmann served in a management capacity in the businesses that employed Plaintiff and that Defendants had an ownership interest in at least one of the businesses that employed Plaintiffs, but deny each and every other allegation of Paragraph 5 of the Complaint.

6.   Defendants deny each and every allegation of Paragraph 6 of the Complaint including each subparagraph thereof.

7.   Defendants are not required to answer Paragraph 7 of the Complaint, to the extent that it is made up of legal assertions. Defendants deny each and every remaining allegation of Paragraph 7 of the Complaint, except to admit that this Court has jurisdiction over Plaintiffs' federal law claims to the

389945.2

2

ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT        Case No. C08 00873 JW HRL

1  extent they are permissible.

2  　　　　8.　Defendants are not required to answer Paragraph 8
3  of the Complaint, to the extent that it is made up of legal
4  assertions.  Defendants are without sufficient knowledge or
5  information to form a belief as to the truth of the remainder of
6  Plaintiffs' averments in Paragraph 8 and therefore deny such
7  allegations, except admit that venue in this Court is proper.

8  　　　　9.　Defendants are not required to answer Paragraph 9
9  of the Complaint, as it is made up entirely of legal assertions.
10 Defendants are without sufficient knowledge or information to
11 form a belief as to the truth of the remainder of Plaintiffs'
12 averments in Paragraph 9 and therefore deny such allegations.

13 　　　　10.　Defendants are not required to answer Paragraph 10
14 of the Complaint, as it is made up entirely of legal assertions.
15 Defendants are without sufficient knowledge or information to
16 form a belief as to the truth of the remainder of Plaintiffs'
17 averments in Paragraph 10 and therefore deny such allegations.

18 　　　　11.　Defendants are not required to answer Paragraph 11
19 of the Complaint, as it is made up entirely of legal assertions.
20 Defendants are without sufficient knowledge or information to
21 form a belief as to the truth of the remainder of Plaintiffs'
22 averments in Paragraph 11 and therefore deny such allegations.

23 　　　　12.　Defendants deny each and every allegation of
24 Paragraph 12 of the Complaint.

25 　　　　13.　Defendants deny each and every allegation of
26 Paragraph 13 of the Complaint.

27 　　　　14.　Defendants deny each and every allegation of
28 Paragraph 14 of the Complaint including each subparagraph

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1 thereof.

2     15. Defendants deny each and every allegation of
3 Paragraph 15 of the Complaint.

4     16. Defendants admit that Plaintiff Velazquez worked
5 for Defendant Saratoga Pizza Corporation but has no record that
6 Plaintiff Briseno ever worked for Defendant Saratoga Pizza
7 Corporation. Defendants are without sufficient knowledge or
8 information to form a belief as to the truth of the remainder of
9 Plaintiffs' averments in Paragraph 16 and therefore deny such
10 allegations.

11     17. Defendants admit that Plaintiffs Briseno and
12 Velazquez and other hourly employees may have worked over 8 hours
13 a day or more than forty hours a week from time to time.
14 Defendants are without sufficient knowledge or information to
15 form a belief as to the truth of the remainder of Plaintiffs'
16 averments in Paragraph 17 and therefore deny such allegations.

17     18. Defendants are without sufficient knowledge or
18 information to form a belief as to the truth of Paragraph 18, and
19 thereby deny such allegations.

20     19. Defendants deny each and every allegation of
21 Paragraph 19 of the Complaint.

22     20. Answering Paragraph 20 of the Complaint,
23 Defendants re-allege and incorporate by reference their responses
24 to Paragraphs 1 through 19, inclusive, of the Complaint.

25     21. Defendants admit the allegations of Paragraph 21
26 to the extent that they were aware of the California Labor Code
27 sections 510 and 1194 and the corresponding Wage Orders, but deny
28 each and every remaining averment in Paragraph 21 of the

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

389945.2

4

Complaint.

22. Defendants deny that they paid "only straight time" for hours worked by any hourly nonexempt employee in excess of forty hours per week or eight hours per day. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 22 and therefore deny such allegations.

23. Defendants deny each and every allegation of Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation of Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation of Paragraph 25 of the Complaint.

26. Defendants admit the allegations of Paragraph 26 to the extent that they were aware of the California Labor Code sections 510 and 1194 and the corresponding Wage Orders, but deny each and every remaining averment in Paragraph 26 of the Complaint.

27. Defendants deny each and every allegation of Paragraph 27 of the Complaint.

28. Answering Paragraph 28 of the Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 through 27, inclusive, of the Complaint.

29. Defendants admit the allegations of Paragraph 29 to the extent that they were aware of the "the existence and requirements of the Fair Labor Standards Act and the requirements of state and federal wage and hour laws," but deny each and every remaining averment in Paragraph 29 of the Complaint.

1    30.   Defendants are not required to answer Paragraph 30 of the Complaint, as it is made up entirely of legal assertions. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of Plaintiffs' averments in Paragraph 30 and therefore deny such allegations.

31.   Defendants deny each and every allegation of Paragraph 31 of the Complaint.

32.   Defendants deny each and every allegation of Paragraph 32 of the Complaint.

33.   Defendants deny each and every allegation of Paragraph 33 of the Complaint.

34.   Defendants deny each and every allegation of Paragraph 34 of the Complaint.

35.   Defendants deny each and every allegation of Paragraph 35 of the Complaint.

36.   Answering Paragraph 36 of the Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 through 35, inclusive, of the Complaint.

37.   Defendants are not required to answer Paragraph 37 of the Complaint, as it is made up entirely of legal assertions. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of Plaintiffs' averments in Paragraph 37 and therefore deny such allegations.

38.   Defendants deny each and every allegation of Paragraph 38 of the Complaint.

39.   Defendants are not required to answer Paragraph 39 of the Complaint, as it is made up entirely of legal assertions. Defendants are without sufficient knowledge or information to

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1  form a belief as to the truth of the remainder of Plaintiffs'
2  averments in Paragraph 39 and therefore deny such allegations.
3        40.   Defendants deny each and every allegation of
4  Paragraph 40 of the Complaint.
5        41.   Answering Paragraph 41 of the Complaint,
6  Defendants re-allege and incorporate by reference their responses
7  to Paragraphs 1 through 40, inclusive, of the Complaint.
8        42.   Defendants deny each and every allegation of
9  Paragraph 42 of the Complaint.
10       43.   Defendants are not required to answer Paragraph 43
11 of the Complaint, as it is made up entirely of legal assertions.
12 Defendants are without sufficient knowledge or information to
13 form a belief as to the truth of the remainder of Plaintiffs'
14 averments in Paragraph 43 and therefore deny such allegations.
15       44.   Defendants deny each and every allegation of
16 Paragraph 44 of the Complaint.
17       45.   Answering Paragraph 45 of the Complaint,
18 Defendants re-allege and incorporate by reference their responses
19 to Paragraphs 1 through 44, inclusive, of the Complaint.
20       46.   Defendants are not required to answer Paragraph 46
21 of the Complaint, as it is made up entirely of legal assertions.
22 Defendants are without sufficient knowledge or information to
23 form a belief as to the truth of the remainder of Plaintiffs'
24 averments in Paragraph 46 and therefore deny such allegations.
25       47.   Defendants are not required to answer Paragraph 47
26 of the Complaint, as it is made up entirely of legal assertions.
27 Defendants are without sufficient knowledge or information to
28 form a belief as to the truth of the remainder of Plaintiffs'

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1  averments in Paragraph 47 and therefore deny such allegations.

2      48.  Defendants deny each and every allegation of
3  Paragraph 48 of the Complaint.

4      49.  Defendants deny each and every allegation of
5  Paragraph 49 of the Complaint.

6      50.  Defendants deny each and every allegation of
7  Paragraph 50 of the Complaint.

8      51.  Defendants admit the allegations of Paragraph 51
9  to the extent that they were aware of the "the existence and
10 requirements of the Unfair Trade Practices Act and the
11 requirements of state and federal wage and hour laws," but deny
12 each and every remaining averment in Paragraph 51 of the
13 Complaint.

14     52.  Defendants deny each and every allegation of
15 Paragraph 52 of the Complaint.

16 <u>PRAYER</u>

17 In response to the "Prayer" and all sections
18 thereunder, Defendants deny that Plaintiffs, or any others, have
19 been damaged in the amount alleged, or in any amount, or at all,
20 and further deny that Plaintiffs are entitled to any of the
21 relief sought thereunder, whether equitable or otherwise, or for
22 costs and/or attorneys' fees, or otherwise.

23 As and for their separate defenses to each of the
24 claims for relief pled in the Complaint, Defendants plead as
25 follows:

26 <u>FIRST SEPARATE DEFENSE</u>

27 The Complaint, and each and every purported claim for
28 relief therein, fails to state a claim upon which relief can be

1 granted against Defendants, or any of them.

## SECOND SEPARATE DEFENSE

The Complaint, and each and every purported claim for relief therein, is barred by the applicable statutes of limitation, including, without limitation, California Code of Civil Procedure Sections 338, 339 and 340, California Business and Professions Code Section 17208, and 29 U.S.C. § 255(a), and fails to state a claim upon which relief can be granted against Defendants, or any of them.

## THIRD SEPARATE DEFENSE

The Complaint, and each and every purported claim for relief therein, is barred by the doctrine of laches.

## FOURTH SEPARATE DEFENSE

Plaintiffs are estopped, by reason of his conduct and actions, from asserting each of the claims for relief alleged in the Complaint.

## FIFTH SEPARATE DEFENSE

Plaintiffs have waived the right, by reason of their conduct and actions, to assert their alleged claims herein.

## SIXTH SEPARATE DEFENSE

Upon information and belief, Defendants allege that all or part of the damages alleged in Plaintiffs' Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiffs) for whose conduct Defendants, or any of them, are not legally responsible, which intervened between the alleged acts and/or omissions of Defendants and Plaintiffs' alleged damages. Plaintiffs' alleged damages, if any, are therefore not

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

recoverable from Defendants, or any of them.  In the alternative, any damages which Plaintiffs may be entitled to recover against Defendants, or any of them, if any, must be reduced to the extent that such damages are attributable to the inventing acts and/or omissions of persons or entities (including, without limitation, Plaintiffs) other than Defendants.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, Defendants allege that all or part of the damages alleged in Plaintiffs' Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiffs) for whose conduct Defendants, or any of them, are not legally responsible. Therefore, if Plaintiffs are found to be entitled to recovery any of their alleged damages, the share of Defendants, or any of them, if any, must be reduced to the extent that such damages are attributable to the acts and/or omissions of persons or entities (including, without limitation, Plaintiffs) other than Defendants.

### EIGHTH SEPARATE DEFENSE

Upon information and belief, Defendants allege that Plaintiffs and/or others have failed to mitigate their alleged damages, and to the extent of such failure to mitigate, any damages awarded to Plaintiffs or others should be reduced accordingly.

### NINTH SEPARATE DEFENSE

Neither Plaintiffs' Complaint, nor any purported claim for relief alleged therein, state facts sufficient to justify an award of punitive damages against Defendants, or any of them.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

389945.2

10

ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT    Case No. C08 00873 JW HRL

### TENTH SEPARATE DEFENSE

The alleged actions of Defendants, if done at all, were and are justified and/or privileged since, at all relevant times herein, Defendants acted in accordance with their corporate and administrative policies.

### ELEVENTH SEPARATE DEFENSE

The alleged actions of Defendants, if done at all, were and are justified and/or privileged since, at all relevant times herein, Defendants acted in accordance with the applicable laws of the United States and of the State of California.

### TWELFTH SEPARATE DEFENSE

Upon information and belief, Defendants allege that Plaintiffs' Complaint, and each purported cause of action therein, are barred, in whole or in part, by the doctrine of unclean hands.

### THIRTEENTH SEPARATE DEFENSE

Plaintiffs' Complaint, and each purported claim for relief alleged therein, are barred by Plaintiffs' failure to comply with his employee obligations pursuant to California Labor Code § 2857 and any similar provisions in other states.

### FOURTEENTH SEPARATE DEFENSE

The Complaint and each claim for relief therein fails to state a claim upon which relief can be granted against Defendants because, among other reasons, Plaintiffs lack the capacity to sue as representative of others.

### FIFTEENTH SEPARATE DEFENSE

Plaintiffs have performed no uncompensated overtime work.

#### SIXTEENTH SEPARATE DEFENSE

Defendants have no knowledge of, nor should they have knowledge of, any alleged work by Plaintiffs or others during their meal or rest periods and did not authorize, require, request, suffer, or permit such activity by Plaintiffs or others.

#### SEVENTEENTH SEPARATE DEFENSE

Defendants did not willfully, intentionally, arbitrarily, or without just cause deprive any person who allegedly worked overtime of any wages to which they were entitled under the Fair Labor Standards Act or California wage and hour laws.

#### EIGHTEENTH SEPARATE DEFENSE

Defendants acted in good faith and with reasonable grounds for believing that they had not violated the Fair Labor Standards Act, the California wage and hour law or the wage and hour law of any other state in which Defendants have employees.

#### NINETEENTH SEPARATE DEFENSE

Plaintiffs never complained to or notified Defendants regarding his or anyone's alleged overtime work, or lack of meal or rest periods.

#### TWENTIETH SEPARATE DEFENSE

If any manager or supervisor of Defendants authorized, required, requested, suffered or permitted an employee to work through his or her meal or rest period, such supervisor or manager acted outside the scope of his or her employment with Defendants.

#### TWENTY-FIRST SEPARATE DEFENSE

All or part of the time for which Plaintiffs seek

1 compensation does not constitute compensable or working time.

## TWENTY-SECOND SEPARATE DEFENSE

The Complaint fails to state a claim against Defendants upon which attorneys' fees or costs can be awarded.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiffs have failed to exhaust administrative processes implemented by Defendants to prevent unpaid overtime work and to resolve any such claims without resort to litigation.

## TWENTY-FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs and/or others intentionally deceived Defendants by concealing their alleged work during meal or rest periods and/or overtime work from the company's managers and supervisors.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part because any alleged work during meal or rest periods or overtime work performed by Plaintiffs and/or others was a violation of Defendants' policies.

## TWENTY-SIXTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs' and/or others' failure to notify Defendants of any alleged overtime work or work during meal or rest periods constituted a breach of their duty of loyalty to the Defendants companies.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' overtime FLSA and state law claims for relief are barred in whole on the grounds that Plaintiffs and/or

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

389945.2

13
ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT    Case No. C08 00873 JW HRL

others were exempt from the overtime compensation requirements of the FLSA and state law during their employment with Defendants.

### TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiffs' overtime claims for relief under the FLSA and state law are barred in whole on the grounds that Plaintiffs and/or others are not entitled to compensation for hours not considered working time under the FLSA and applicable state law.

### TWENTY-NINTH SEPARATE DEFENSE

Each claim for liquidated damages contained within the Complaint is barred on the grounds that the acts or omissions alleged by Plaintiffs were made in good faith by Defendants, and Defendants had reasonable grounds for believing that the alleged acts or omissions were not a violation of the FLSA or the applicable state wage laws.  Consequently, Plaintiffs are not entitled to liquidated damages, and the amount of overtime pay claimed by Plaintiffs, if found to be entitled to any, should be reduced accordingly.

### THIRTIETH SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, pursuant to the doctrine of "unclean hands" because Plaintiffs and/or others engaged in conduct which proximately caused or contributed to any and all injuries Plaintiffs allegedly suffered.

### THIRTY-FIRST SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, on the grounds that Plaintiffs and/or others falsified time records during their employment with Defendants.

### THIRTY-SECOND SEPARATE DEFENSE

Plaintiffs' prayers for general damages, special damages, punitive and exemplary damages regarding each cause of action contained in the Complaint are barred because such damages, if any, were not the result of acts, representations or omissions of Defendant or its agents, or any of them.

### THIRTY-THIRD SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, on the grounds that the numerosity requirement for federal class actions is not satisfied.

### THIRTY-FOURTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, on the grounds that the claims of Plaintiffs are not typical of the alleged class's claims.

### THIRTY-FIFTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, on the grounds that common questions of law or fact do not predominate in this case.

### THIRTY-SIXTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, on the grounds that Plaintiffs are not an adequate class representatives.

### THIRTY-SEVENTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in part, on the grounds that a class action is not the superior method of adjudication in this case.

### THIRTY-EIGHTH SEPARATE DEFENSE

Plaintiffs' causes of action are barred, in whole or in

part, on the grounds that a collective action under the Fair Labor Standards Act is not warranted because Plaintiffs are not similarly situated to other proposed collective action plaintiffs.

WHEREFORE, Defendants prays for judgment as follows:

1. That judgment be entered in favor of Defendants and against Plaintiffs;

2. That the Complaint herein be dismissed in its entirety with prejudice;

3. That Defendants be awarded their costs of suit herein;

4. That Defendants be awarded reasonable attorneys' fees as determined by the Court; and

5. For such other and further relief as the Court may deem just and proper.

DATED: March 24, 2008          PAYNE & FEARS LLP

By: _____
RICHARD S. FALCONE

Attorneys for Defendants
SARATOGA PIZZA CORPORATION, EDWARD RATHMANN, MIGUEL ROMERO AND GLENN THOMPSON dba WILLOW STREET WOOD FIRED PIZZA

389945.2