Richard S. Falcone, Bar No. 95265
PAYNE & FEARS LLP
Attorneys at Law
One Embarcadero Center, Suite 2300
San Francisco, CA 94111
Telephone: (415) 398-7860
Facsimile: (415) 398-7863
*rsf@paynefears.com*

Glenn E. Thompson, Esq., Bar No. 63001
LAW OFFICE OF GLENN E. THOMPSON
28 Longfellow Road
Mill Valley, CA 94941
Telephone: (415) 383-4536
Facsimile: (415) 383-3291
*glenn94941@yahoo.com*

Attorneys for Defendants
SARATOGA PIZZA CORPORATION, EDWARD RATHMANN, MIGUEL ROMERO AND GLENN THOMPSON dba WILLOW STREET WOOD FIRED PIZZA

Adam Wang. Bar No. 201233
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Telephone: (408) 421-3403
Facsimile: (408) 286-6619
*waqw@sbcglobal.net*

Attorneys for Plaintiffs
JULIAN BRISENO AND DAVID SALVADOR VELAZQUEZ

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JULIAN BRISENO AND DAVID SALVADOR VELAZQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>SARATOGA PIZZA CORPORATION, EDWARD RATHMANN, MIGUEL ROMERO, and GLENN THOMPSON dba WILLOW STREET WOOD FIRED PIZZA,<br><br>Defendants. | CASE NO. C08 00873 JW HRL<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br><u>CLASS ACTION</u><br><br>Hearing Date: June 30, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge: James Ware |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

## 1. JURISDICTION AND SERVICE

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

## 2. FACTS

Plaintiff Velazquez alleges he was a worker for Defendant Saratoga Pizza Corporation and Willow Street Wood Fired Pizza, a general partnership. Records from both Defendants reflect that Plaintiff Velazquez was employed by both entities during the last three years. Neither Defendant has any record that Plaintiff Briseno worked for either Defendant during the last three years.

Defendant Saratoga Pizza Corporation alleges that it is a sub-chapter S corporation, in good standing, with fifteen shareholders, none of whom have any ownership interest in Defendant Willow Street Wood Fired Pizza, a general partnership consisting of three partners: Ed Rathmann, Glenn Thompson and Miguel Romero. In this action, Plaintiffs seek class action certification for overtime and other wage and hour claims against Defendants under the authority of both federal and California law.

The principal factual issues in dispute are:

1. Whether and to what extent were Plaintiffs and the class they seek to represent not paid overtime to which they are entitled;

2. Whether and to what extent were Plaintiffs and the class they seek to represent provided with meal and break periods in accordance with state and federal law;

3. Whether Plaintiffs set forth in good faith the facts on which they are relying to base their Complaint;

4. Whether Defendant Briseno even worked for any of the Defendants;

5. Whether the two Defendants are separate legal entities sufficient to withstand Plaintiffs' request for this Court to grant extraordinary relief and disregard their respective legal

1  status;

2    6. Whether Plaintiffs are appropriate to represent putative members of the alleged

3  class in this matter; and

4    7. Whether there are a sufficient number of individuals to form a class and whether

5  they possess similar claims to be part of the same class.

6  **3.** **LEGAL ISSUES**

7    Plaintiffs have filed this action as a class action under Rule 23 of the Federal Rules of Civil

8  Procedure. In their substantive allegations, Plaintiffs assert that Defendants failed to pay Plaintiffs

9  and a class of employees overtime pay in violation of California Labor Code §§ 501 and 1194 as

10 well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. Plaintiffs further

11 allege that Defendants violated California Labor Code § 226.7 by failing to provide meal and rest

12 periods to Plaintiffs and other employees. Plaintiffs further allege that Defendants failed to pay

13 Plaintiffs their wages upon termination in violation of California Labor Code § 201. Finally,

14 Plaintiffs seek restitution of overtime wages in accordance with California Business & Professions

15 Code § 17200.

16   Defendants factually dispute the allegations of Plaintiffs' Complaint and will prove up

17 their defenses with documents showing that Plaintiffs and any alleged class of employees received

18 any and all overtime pay to which they were entitled, and took and/or had the opportunity to take

19 any and all meal and rest periods to which they were entitled.

20   Defendants also rely upon Rule 11 of the Federal Rules of Civil Procedure and will

21 demonstrate that Plaintiffs have not presented their Complaint to the Court with the certification

22 required by Rule 11(b). The allegations of Plaintiffs' Complaint are not being presented in good

23 faith with the Plaintiffs' knowledge, information, and belief formed after an inquiry reasonable

24 under the circumstances.

25 **4.** **MOTIONS**

26   The parties anticipate the filing of the following motions:

27   (a) Plaintiffs' Motion for Class Certification Under FLSA and Fed. R. Civ. P. 23: To

28 be filed no later than 6 months following the Case Management Conference with all attendant

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1  dates (opposition, reply, hearing) to be determined by the regular schedule under the Federal Rules
2  of Civil Procedure and Local Rules.
3      (b)    Plaintiffs' Partial Summary Judgment Motion for Class Liability.
4      (c)    Defendants' Motions for Partial Summary Judgment and/or Summary Judgment,
5  and for relief under Rule 11 of the Federal Rules of Civil Procedure.

**5.  AMENDMENT OF PLEADINGS**

The parties do not presently anticipate the need to amend the pleadings.

**6.  EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored evidence and have taken steps to do so.

**7.  DISCLOSURES**

The parties have agreed to serve their respective initial disclosures on June 20, 2008.

**8.  DISCOVERY**

Defendants propose that discovery be conducted in phases as described below. The purpose in pursuing discovery in phases is to avoid the time and expense of discovery directed to absent class members unless and until class certification is established. Such discovery is unnecessary to determining class certification and irrelevant if Plaintiffs do not prevail on class certification.

The first phase would involve discovery associated with the named Plaintiffs. To the extent that the named Plaintiffs are deposed in this first phase, their potential damage claims may be explored as well during this phase, in order to avoid multiple depositions of the same person. No later than 6 months into this first phase of discovery, and possibly sooner, Plaintiffs would then file their motion for class certification. Depending on the outcome of the motion, further discovery regarding absent class members may then be undertaken, to the extent appropriate.

The discovery cutoff for the initial phase would be 5 months after the CMC. The cut-off to file motions to compel concerning non-expert discovery would be 7 days after the discovery deadline, pursuant to Local Rule 26-2.

If the proposed class is certified, the second phase of discovery then would proceed with

4

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER     Case No. C08 00873 JW HRL

1  regard to the additional class members after they have had an opportunity to either opt in or opt

2  out. Subdividing discovery into phases, only the latter of which includes discovery directed to the

3  absent class members, avoids potentially protracted disputes over discovery directed to the absent

4  class members who have not been afforded an opportunity to opt in (in the case of the Federal

5  Overtime/Minimum Wage Class, a collective action under the FLSA) or an opportunity to opt-out

6  (in the case of the Fed. R. Civ. P. 23 class). Expert disclosure and expert statements would be due

7  two weeks after the conclusion of non-expert discovery, with a month thereafter permitted to

8  conduct expert discovery. The deadline to file motions concerning expert discovery would be 7

9  days after the conclusion of the period to conduct expert discovery. In sum, Defendants

10  recommend the following discovery schedule:

11      (a)    Deadline to complete first phase of discovery: November 21, 2008.

12      (b)    Deadline for Plaintiffs to file motions for class certification: December 26, 2008.

13      (c)    Hearing on motion for class certification: to be set according to Court's schedule.

14      (d)    Deadline to file motions to compel for first phase of discovery: December 5, 2008.

15      (e)    Deadline to complete second phase of discovery: June 5, 2009.

16      (f)    Deadline to file motions to compel for second phase of discovery: June 12, 2009.

17      (g)    Deadline for expert disclosure statements under Fed. R. Civ. P. 26: June 19, 2009.

18      (h)    Deadline to conduct expert discovery: August 1, 2009.

19      (i)    Deadline to file motions to compel concerning expert discovery: August 14, 2009.

20      (j)    Deadline for dispositive motions to be filed: October 2, 2009.

21      (k)    Pre-trial conference and trial: to be set according to Court's calendar but no sooner

22  than November 20, 2009.

23  Plaintiffs propose the following schedule:

24      (a)    Deadline to complete fact discovery: March 31, 2009.

25      (b)    Deadline for Plaintiffs to file motions for class certification: December 26, 2008.

26      (c)    Hearing on motion for class certification: to be set according to Court's schedule.

27      (d)    Deadline for expert disclosure statements under Fed. R. Civ. P. 26: April 30, 2009.

28      (e)    Deadline for expert rebuttal reports: May 31, 2009.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1   (f)   Deadline to conduct expert discovery:  June 30, 2009.

2   (g)   Last date for hearing dispositive motions:  September 21, 2009.

3   (h)   Pre-trial conference and trial:  to be set according to Court's calendar but no sooner than November 20, 2009.

## 9. CLASS ACTIONS

Plaintiffs provide the following statement in compliance with Local Rule 16-9(b).

(1) The class action for claims under California law is maintained under Fed. R. Civ. P. 23(a)(1), 23(a)(2), 23(a)(3), 23(a)(4), 23(b)(3).  This class action insofar as claims under the FLSA are asserted is maintainable under 29 U.S.C. § 216(b), as distinct from Fed. R. Civ. P. 23.

(2) Plaintiffs propose two separate classes:

a) FLSA claims:  All hourly employees who worked or work for Defendants commencing at any time since three years before the filing of this action; (the "Federal Overtime/Minimum Wage Class").

b) California claims:  All hourly employees who formerly worked or presently work for Defendants in California commencing at any time since four years before the filing of this action; (the "California Class").  A sub-class of California Class consists of all hourly employees whose employment with Defendants terminated at any time in three years before the filing of this case (California Waiting Time Penalty Class).

Depending upon further investigation and the results of discovery, Plaintiffs may seek to modify these class definitions.  Moreover, further discovery may justify elaboration on the form of Defendants' failure to provide employee benefits such that added classes are appropriate.

(3) Plaintiffs are members of the Federal Overtime, and also members of the California Class and, like the other members, allegedly were not paid overtime pay in violation of the FLSA and California labor law.  While Plaintiffs are unable to state the exact number of either class without access to records within Defendants' possession, Plaintiffs believe that the California Class and the Federal Class exceed 30 members.

Plaintiffs allege that common questions of law and fact predominate in this case.  For example, the class members' rights insofar as this action is concerned arise from the Defendants'

1 uniform payroll practice of paying straight time only, applicable to all hourly employees. In light
2 of the commonality of the sources of the putative class members' rights, individual adjudications
3 harbor the possibility of inconsistent adjudications. Plaintiffs have no conflicts of interest and will
4 fairly and adequately represent both classes. Plaintiffs are unaware of any other pending litigation
5 concerning the claims asserted herein nor of any difficulties that should be encountered in the
6 management of this litigation as a class action.

7     (4)    Plaintiffs recommend that motions be filed so that the Court will consider class
8 certification 6 months after the issuance of the Case Management Conference Order, though
9 Plaintiffs may file such motions sooner.

**10.** **RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.** **RELIEF**

This is a case where Defendants are expected to have kept the complete time records and payroll records of all relevant periods. As such, fairly accurate damages sustained by Plaintiffs and other members of the class can be ascertained based on these records. At this point, Plaintiffs do not have sufficient records to estimate the damages.

Defendants anticipate pursuing relief available to them through Rule 11 of the Federal Rules of Civil Procedure after complying with the procedural requirements of that Rule.

**12.** **SETTLEMENT AND ADR**

Defendants want an early Settlement Conference with a Magistrate Judge to be followed by private mediation if the matter has not settled. Defendants have filed a Notice of Need for ADR Conference. Plaintiffs will only agree to an early settlement conference if they are provided with documents necessary to meaningfully evaluate the case. Parties have discussed this matter in a Rule 26 meet and confer conference, and the matter will further be discussed in the conference with the ADR staff currently scheduled for June 25, 2008.

**13.** **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants are willing to consent to have a Magistrate Judge conduct all further

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

proceedings in this matter.

**14. OTHER REFERENCES**

The parties agree that this case is not suitable for reference to binding arbitration or any other reference.

**15. NARROWING OF ISSUES**

Through the meet and confer process, including the initial disclosures, the parties may be able to narrow the issues with the Defendants hope and expectation that Plaintiffs will dismiss their case once they have received and reviewed the initial disclosures. Otherwise, the parties anticipate that issues in this case may be narrowed by motions related to the class action process.

**16. EXPEDITED SCHEDULE**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures particularly since Plaintiffs are pursuing this matter as a class action.

**17. SCHEDULING**

The Defendants propose the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

(a) Deadline to complete first phase of discovery:  November 21, 2008.

(b) Deadline for Plaintiffs to file motions for class certification:  December 26, 2008.

(c) Hearing on motion for class certification: to be set according to Court's schedule.

(d) Deadline to file motions to compel for first phase of discovery:  December 5, 2008.

(e) Deadline to complete second phase of discovery:  June 5, 2009.

(f) Deadline to file motions to compel for second phase of discovery:  June 12, 2009.

(g) Deadline for expert disclosure statements under Fed. R. Civ. P. 26:  June 19, 2009.

(h) Deadline to conduct expert discovery:  August 1, 2009.

(i) Deadline to file motions to compel concerning expert discovery:  August 14, 2009.

(j) Deadline for dispositive motions to be filed:  October 2, 2009.

(k) Pre-trial conference and trial: to be set according to Court's calendar but no sooner than November 20, 2009.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

1   Plaintiffs propose the following schedule:

2   (a) Deadline to complete fact discovery: March 31, 2009.

3   (b) Deadline for Plaintiffs to file motions for class certification: December 26, 2008.

4   (c) Hearing on motion for class certification: to be set according to Court's schedule.

5   (d) Deadline for expert disclosure statements under Fed. R. Civ. P. 26: April 30, 2009.

6   (e) Deadline for expert rebuttal reports: May 31, 2009.

7   (f) Deadline to conduct expert discovery: June 30, 2009.

8   (g) Last date for hearing dispositive motions: September 21, 2009.

9   (h) Pre-trial conference and trial: to be set according to Court's calendar but no sooner
10  than November 20, 2009.

## 18. TRIAL

Plaintiffs have requested a jury trial. Defendants believe that the expected length of trial is 10 court days. Plaintiffs believe the expected length of the trial is 7-10 days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants have filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16. Defendants disclose the following persons, firms, partnerships, corporations, or other entities known by it to have either a financial interest in the subject controversy or in a party or proceeding, or other kind of interest that could be substantially effected by the outcome of this proceeding: Saratoga Pizza Corporation, Edward Rathmann, Miguel Romero, Glenn Thompson and Willow Street Wood Fired Pizza.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

20. **OTHER MATTERS**

Defendants believe that submitting this matter to a Settlement Conference before a Magistrate Judge may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: June 12, 2008        LAW OFFICE OF ADAM WANG

By: /s/ Adam Wang
    ADAM WANG

Attorneys for Plaintiffs
JULIAN BRISENO and DAVID SALVADOR VELAZQUEZ

DATED: June 20, 2008        PAYNE & FEARS LLP

By: /s/ Richard S. Falcone
    RICHARD S. FALCONE

Attorneys for Defendants
SARATOGA PIZZA CORPORATION, EDWARD RATHMANN, MIGUEL ROMERO AND GLENN THOMPSON dba WILLOW STREET WOOD FIRED PIZZA

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition, the Court adopts the following Scheduling Order:

1. Discovery Cut-Off (including initial expert disclosure (with reports)): _____

2. Dispositive Motion Cut-Off: _____

3. Expert Counter-Designation (with report(s)): _____

4. Expert Discovery Cut-Off: _____

5. Pretrial Conference: _____

///
///

1    6.    Trial: _____

2    **IT IS SO ORDERED.**

3    DATED: _____

5                                                        By: _____
6                                                              JAMES WARE
                                                              United States District Judge

7    4848-5772-1090.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE EMBARCADERO CENTER, SUITE 2300
SAN FRANCISCO, CA 94111
(415) 398-7860

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER        Case No. C08 00873 JW HRL