ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248
waqw@sbcglobal.net

Attorney for Plaintiff

STATES DISTRICT COURT

FOR DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| MONICA RODRIGUEZ, MARIA DE JESUS R.R., MARIA ARACELY LOPES, individually and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>MT ZION ENTERPRISES INC., GONDOSINARYO LISTYO, AND DOES 1 TO 10<br><br>Defendants | Case No.: C07-06439 EDL<br><br>JOINT CASE MANAGEMENT STATEMENT |

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

1.    **JURISDICTION AND SERVICE**

The basis for the Court's subject matter jurisdiction over Plaintiffs' claims is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

**JOINT CASE MANAGEMENT STATEMENT**
**Rodriguez  v. Mt Zion Enterprises Inc. et al.**

1

**2.    FACTS**

2

Defendant Mt Zion Enterprises Inc. owns and operates a Days Inn in Richmond,

3

California.  Plaintiffs were employed by Mt Zion Enterprises Inc. during the period that fell in

4

the four-year period prior to the filing of his Complaint.  In this action, Plaintiffs seek overtime

5

and other wage and hour claims against Defendants under both federal and California law.

6

The principal factual issues in dispute are:

7

**a.**    Whether and to what extent Plaintiffs have not been paid overtime and meal

premiums to which they are entitled;

8

9

**b.**    Whether and to what extent Plaintiffs failed to follow reasonable instructions of their

employer with respect to time keeping requirements and procedures;

10

11

**c.**    Whether individual Defendant Gondosinaryo Listyo was the employer of any of the

plaintiffs;

12

13

**d.**    Whether Defendant Mt. Zion Enterprises, Inc. was the employer of any of the

unnamed class members prior to December 7, 2006;

14

15

**e.**    Whether the claims of the representative plaintiffs are common to the claims of the

purported class; and

16

17

**f.**    Whether the claims of the representative plaintiffs are typical of the claims of the

purported class.

18

**3.    LEGAL ISSUES**

19

Plaintiff asserts that Defendants failed to pay them overtime pay in violation of California

20

Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C.

21

§§ 201 *et seq.*  Plaintiff further alleges that Defendants failed to pay Plaintiffs their wages upon

22

termination in violation of California Labor Code § 201.  Finally, Plaintiff seeks restitution of

23

overtime wages in accordance with California Business & Professions Code § 17200.

24

Defendants claim the following legal issues are in dispute:

25

**JOINT CASE MANAGEMENT STATEMENT**
**Rodriguez  v. Mt Zion Enterprises Inc. et al.**

a.   Whether individual Defendant Gondosinaryo Listyo was the employer of any of the plaintiffs;

b.   Whether Defendant Mt. Zion Enterprises can be held legally liable for working conditions that existed prior to its purchase of the business and its first day as the owner of the business on December 7, 2006;

c.   Whether Defendant Mt. Zion was permitted to implement rounding practices for overtime purposes; and

d.   Whether a representative action under the FLSA is appropriate.

**4.    MOTIONS**

Plaintiff anticipates the filing of the following motions:

(a)     Plaintiff's Motion for Summary Judgment or Summary Adjudication;

(c)     Defendants' Motions for Partial Summary Judgment and/or Summary Judgment to dismiss claims against individual defendants;

(d)     Plaintiff's Motion for Attorney's Fees.

**5.    AMENDMENT OF PLEADINGS**

Plaintiffs have obtained clearance from California Labor and Workforce Development Agency to file claims under Labor Code Private Attorney General's Act to seek civil penalties. Parties are currently exploring possible settlement.  If parties are unable to resolve the case, Plaintiffs will seek to amend the complaint to allege PAGA claims.

**6.    EVIDENCE PRESERVATION**

Defendants have been notified by their counsel of the obligation to preserve all electronically stored or other evidence, and Defendants have taken steps to do.

**7.    DISCLOSURES**

The parties will provide initial disclosures by July 1, 2008.

**8.    DISCOVERY**

Parties agree to adhere to the limitations set forth in the Federal Rules of Civil Procedure.

**C07-6439 EDL**

**JOINT CASE MANAGEMENT STATEMENT**
**Rodriguez  v. Mt Zion Enterprises Inc. et al.**

**9.    CLASS ACTIONS**

Plaintiffs provide the following statement in compliance with Local Rule 16-9(b).

(1)    This action insofar as claims under the FLSA is intended to proceed as a collective action under 29 U.S.C. § 216(b) as distinct from Fed. R. Civ. P. 23.

(2)    Plaintiffs propose one class:  All non-exempt hourly workers who worked for Defendant commencing at any time since three years before the filing of this action; (the "FLSA Class").

Depending upon further investigation and the results of discovery, Plaintiffs may seek to modify these class definitions. Moreover, further discovery may justify elaboration on the form of Defendants' failure to provide employee benefits such that added classes are appropriate.

(3)    Plaintiffs are members of the FLSA Class, like other members, were not paid overtime pay in violation of the FLSA.  While Plaintiffs are unable to state the exact number of either class without access to records within Defendants' possession, Plaintiffs believes that the class exceeds 30 members.

Plaintiffs allege that common questions of law and fact predominate in this case. For example, the class members' rights insofar as this action is concerned arise from the Defendants' uniform payroll practice of paying straight time only, applicable to all non-exempt hourly workers.  In light of the commonality of the sources of the putative class members' rights, individual adjudications harbor the possibility of inconsistent adjudications. Plaintiffs have no conflicts of interest and will fairly and adequately represent both classes.  Plaintiffs are not aware of any other pending litigation concerning the claims asserted herein nor of any difficulties that should be encountered in the management of this litigation as a class action.

(4)    Plaintiffs plan to file motions for the Court to consider class certification no later than 90 days from the date of the Case Management order.

**JOINT CASE MANAGEMENT STATEMENT**
**Rodriguez  v. Mt Zion Enterprises Inc. et al.**

Under the scheme of FLSA collective action, Defendants may move to decertify the class after the discovery is complete. As such, Defendants plan to move to decertify the FLSA class no later than 60 days after the close of the discovery.

**10.    RELATED CASES**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**11.    RELIEF**

Plaintiff has no sufficient record or information to accurately calculate damages sustained.

**12.    SETTLEMENT AND ADR**

Parties have agreed to explore settlement on individual basis. However the settlement discussions have been hindered by the fact that Defendants were unable to produce Plaintiffs' time records. Counsel agree to continue explore the settlement with focus shifted to evaluating the reasonableness of the demand made by Plaintiffs based on their recollection of the hours worked.

The parties agree to participate in court sponsored mediation.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Parties have filed their consent to proceed before a magistrate judge for the all further proceedings.

**14.    OTHER REFERENCES**

The parties agree that that this case is not suitable for a binding arbitration and do not agree on any other reference.

**15.    NARROWING OF ISSUES**

Parties do not expect narrowing of issues would be possible.

**16.    EXPEDITED SCHEDULE**

Parties do not believe this case is suitable for an expedited schedule.

**C07-6439 EDL**

**JOINT CASE MANAGEMENT STATEMENT**
**Rodriguez  v. Mt Zion Enterprises Inc. et al.**

**17.**    **SCHEDULING**

The parties submit the following schedule to this Court in relation to discovery, motions, designation of experts, and pretrial conference and trial:

      (a)      Lat day to file Motion to certify FLSA class: October 14, 2008;

      (b)      Fact discovery cutoff on March 31, 2009;

      (c)      Defendants' motion to decertify the FLSA class May 31, 2009;

      (d)      Expert reports April 30, 2009;

      (e)      Expert rebuttal reports May 31, 2009;

      (f)      Expert Discovery Cutoff  June 30, 2009;

      (g)      Last day of hearing on dispositive motion on July 21, 2009;

      (h)      Trial:  September 2009

      (i)      The parties agree to meet and confer concerning any modifications to this plan.

**18.**    **TRIAL**

Plaintiffs have  requested a jury trial.  Plaintiffs' estimated length of trial is 7 court days.

**19.**    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Parties have no one to report other than parties themselves.

**20.**    **OTHER MATTERS**

None.

DATED:  June 24, 2008

                            By: /s/ Adam Wang
                                 ADAM WANG
                                 Attorney for Plaintiffs

**C07-6439 EDL**

**JOINT CASE MANAGEMENT STATEMENT**
**Rodriguez  v. Mt Zion Enterprises Inc. et al.**

1  ADAM WANG, STATE BAR NO. 201233
   LAW OFFICES OF ADAM WANG
2  12 South First Street, Suite 613
   San Jose, CA 95113
3  Tel:  (408) 292-1040
   Fax:  (408) 416-0248
4  waqw@sbcglobal.net

5  Attorney for Plaintiffs

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  MONICA RODRIGUEZ, MARIA DE            Case No.  07-06439 EDL
    JESUS R.R., MARIA ARACELY
12  LOPES, individually and on behalf of
    others similarly situated,            AFFIDAVIT  OF ADAM WANG
13
              Plaintiffs,
14       v.

15
    MT ZION ENTERPRISES INC.,
16  GONDOSINARYO LYSTIO, AND
    DOES 1 THROUGH 10
17
              Defendants.
18

19

20       I, the undersigned, declare s follows:

21       1.      I am the attorney of records for Plaintiffs in this case.  The facts stated herein are based

22  on my personal knowledge unless otherwise indicated.

23       2.      On June 24, 2008, I met and conferred with Defendants' counsel Scott Shibayama with

24  respect to the Joint Case Management Statement.  Overt eh phone we agreed on the version that is filed

25  together with this Affidavit. I asked Mr. Shibayama to send me an e-mail confirming his approval of

26  the last version of the Joint Case Management Statement sent to him over the e-mail.  It was about 7:30

27  PM, and Mr. Shibayama was at home we talked; I have  not received the confirmation from Mr.

28  Shibayama as of now.

    **07-06439 EDL**
    Affidavit of Adam Wang

1    3.    Despite that, the filed Case Management Statement, although not officially approved

2    and signed by Mr. Shibayama, is the result of the meet and confer of both parties.

3    I declare under the penalty of perjury under the laws of the United States that the foregoing is

4    true and accurate.

5

6

7

8    Dated: June 25, 2008                    By: _____

                                                     Adam Wang

9    *Attorneys for Plaintiffs*
                                                     MONICA RODRIGUES ET AL.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**07-06439 EDL**
**STIPULATION & ORDER TO CONTINUE**
**CASE MANAGEMENT CONFERENCE**